UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY HATTEN,

       Plaintiff,                        Case No. 06-13339

v.                                     District Judge Nancy G. Edmunds
                                     Magistrate Judge R. Steven Whalen

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

On July 24, 2006, Plaintiff Dorothy Hatten filed a petition pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security terminating her Social Security Disability benefits. The case was referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff is at this point proceeding *pro se*.[1] On October 6, 2006, in lieu of an Answer, Defendant filed a motion to remand under Sentence Four of § 405(g), asking this Court to reverse the Commissioner's final decision and remand for further administrative proceedings

---

[1] Plaintiff also filed a request for counsel [Docket #4]. Attorney Ken Laritz has agreed to represent the Plaintiff in the administrative proceedings if the remand is granted, and was provided with contact information for the Plaintiff.

and a new decision by the Administrative Law Judge (ALJ) [Docket #10].

Reversing the Commissioner's decision and remanding to the ALJ for reconsideration and a new decision would be beneficial to the Plaintiff, and would appear to grant her the relief she seeks. Plaintiff has not filed a response in opposition to the Defendant's motion to remand.[2]

Accordingly, I recommend that the Defendant's Motion to Remand [Docket #10] be GRANTED, that the final decision of the Commissioner be REVERSED, and that the case be REMANDED for further administrative proceedings and a new decision by the ALJ.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D.

---

[2]On November 6, 2006, the Court received a letter from Plaintiff stating, "I've found the legal advice I needed and I'm ready to proceed." It appearing that Plaintiff has spoken with attorney Seward, and the Plaintiff not having voiced an opposition to a remand, she may well have no objection to the remand. Nevertheless, the requirements and procedures for objections are set forth at the end of this Report and Recommendation.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                      S/R.  Steven Whalen
                      R.  STEVEN WHALEN
                      UNITED STATES MAGISTRATE JUDGE

Dated:  December 6, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 6, 2006.

                      S/Gina Wilson
                      Judicial Assistant